James **STURDIVANT** d/b/a James Sturdivant Trucking Company, Appellant,

v.

A. L. **ZAEPFEL**, Jr., Ind. and d/b/a A. L. Zaepfel, Jr., General Insurance Agency, et al., Appellees.

No. 17564.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 27, 1974.

Rehearing Denied Jan. 24, 1975.

Tabor & Fowler and Craig M. Fowler, Irving, for appellant.

Cantey, Hanger, Gooch, Cravens & Munn and John F. Taylor, II and Howard Barker, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

A question involved in this case is whether there was sufficient authentication of an alleged telephone call and communication to make such admissible as a part of the evidence in the case in the trial court. The trial court's opinion was that authentication tests had not been met after the time when the jury had returned its verdict in favor of the plaintiff.

The trial court rendered a take nothing judgment *non obstante veredicto,* from which the plaintiff perfected his appeal.

We affirm.

In connection with a certain insurance transaction whereby plaintiff James Sturdivant obtained liability insurance upon the trucks used or to be used in his trucking operations, Messrs. A. L. Zaepfel and Ray Eller acted as agent/brokers for Sturdivant in the securing of such coverage from Seaboard Insurance Company. Pursuant to the transaction Sturdivant agreed to notify Zaepfel and Eller in the event any vehicle insured by the Seaboard policy was involved in a collision; but disputed in the pleading and evidence was whether Zaepfel or Eller had promised to act for Sturdivant in reporting all such accidents to Seaboard.

The accident in question occurred in the City of Dallas in October of 1968 and it was not reported to Seaboard. Relative to that accident there arose a dispute over whether it had been reported to Zaepfel's and Eller's agency. The dispute arose in consequence of the necessity for Sturdivant to make a substantial disbursement of his funds in settlement of claims against him, which he sought to recover, in turn, from Zaepfel and Eller by suit. To explain the reasons therefor is not necessary.

If such defendants were bound by any gratuitous or contractual promise made by them to Sturdivant to report accidents involving any of Sturdivant's trucks to Seaboard upon a report to them by Sturdivant, the latter was entitled to maintain and perhaps prevail by suit against them. Sturdivant claimed the October accident was reported to them by telephone on October 4, 1968.

A single special issue was submitted to the jury over the objection of Zaepfel and Eller. It read: "Did William Somerville, on October 4th or 5th, 1968, advise an employee of the Defendant, A. L. Zaepfel, Jr., General Insurance Agency, of the accident of October 4th, 1968?" To this special issue the jury returned its answer in the affirmative, or "Yes."

Paragraph No. 8 of Zaepfel's and Eller's Objections to the Court's Charge reads, "Defendants object *to the submission of Question No. 1 alone* as it assumes a duty on the part of the Defendants to report, or to make written accident reports to the insurance carrier on behalf of the insured on the basis of telephone reports by the insured to the agent's employees, and assumes no duty on the part of the insured to make follow-up or other written notices of accidents to the Defendants." (Emphasis supplied.)

Zaepfel and Eller insist that by the foregoing there was objection because of the failure of the trial court to submit an essential inquiry, answer to which was the burden of Sturdivant to secure as predicate to any entitlement to judgment. They say that such essential inquiry would be one in answer to which the jury would find whether Zaepfel and Eller had or not agreed to make for Sturdivant the report to Seaboard, the insurance company, of that certain accident which occurred on October 4, 1968.

■ Had the judgment rendered by the trial court been for Sturdivant, with no such question submitted, there would be no doubt that Zaepfel and Eller would be be-

fore us as appellants complaining and insisting upon another trial. However, since the trial court rendered judgment for them the unsubmitted issue would be by Rule found to have been answered by the trial court in support thereof by implied agreement of Sturdivant (with no request by anyone for an express finding by the court), if indeed it was a fact issue for the finder of fact in the case. Texas Rules of Civil Procedure, rule 279, "Submission of Issues"; under which see General Commentary, and particularly the statements relative to Omitted Issues and Presumed Findings by Chief Justice James P. Alexander before the Judicial Section, State Bar of Texas, on July 3, 1941. We do believe that the jury's answer to the issue of fact upon whether there had been agreement by Zaepfel and Eller to report to Seaboard would have been an essential fact finding in the instant case. In other words we hold that as a prerequisite to any victory by Sturdivant such fact issue would be necessary to be resolved according to his contention.

The judgment in this case is to be affirmed upon the theory that there had been, by the court, a presumed finding that there had not been agreement of the parties that Zaepfel and Eller had agreed to accept the report by Sturdivant of accidents and, in turn, to report in Sturdivant's behalf the particular accident involved to the insurance company.

■ Though we do not believe that we err in the above holding, which alone would require that we affirm the judgment, we will consider the point of error to which Sturdivant has devoted the principal argument. The point reads as follows: "The trial court erred in sustaining Appellees' Motion for Judgment non Obstante Veredicto in that there was evidence of probative value upon which the jury verdict could be upheld."

In a review of the evidence we find only that there was testimony to the effect that Mr. Somerville, employee of Sturdivant, telephoned the office of Zaepfel on the same day that the accident in question occurred and made a report of it orally to someone who answered Zaepfel's telephone.

Any such call by Somerville would have been made after regular office hours for the Zaepfel and Eller agency, and on a Friday evening.

There was proof in the record that a telephone call was made from the office of Sturdivant in Dallas to the office of Zaepfel in Fort Worth on Saturday, the day following, but there was not any proof that the purpose of such Saturday call had relation to the accident in question.

By Sturdivant's own testimony he talked to Zaepfel almost every day. However, Sturdivant did not personally become aware of the fact that the accident had occurred for several weeks, or perhaps months. Insofar as the Saturday call was concerned there was nothing which in any way connected it with any report of the accident, and therefore the Saturday call will be disregarded.

Our examination and test must be confined to the evidence upon the telephone call that Sturdivant's agent, Somerville, testified that he made the day of the accident, and on Friday, October 4, 1968. The time of the alleged report was, necessarily, after the driver involved appeared at Sturdivant's office and advised Somerville about the accident. Communication on the Friday in question to Zaepfel or Eller, or their office, could only have been made by Somerville, he being the only person contended to have made the report.

Somerville's testimony was that it was a woman (a female voice) to whom he talked upon the occasion in question and that she advised that neither Zaepfel nor Eller were present and available to talk with him, whereupon he undertook to and did report to her the fact that the accident had occurred. He testified that he advised that the nature of the accident was a rear end collision, and identified the truck num-

ber and the driver involved. There was no testimony concerning anything said by the woman, either as to her identification or indicative of any familiarity on her part with the business affairs of the Zaepfel and Eller office. Neither was there any testimony that the unidentified woman ever indicated that she would attend to any action or notification of anyone in view of the information given to her. Somerville never testified that he was familiar with the voice of the woman.

Zaepfel and Eller tendered evidence by Diane Churchill, formerly an employee though not at time of the trial, to the effect that October 4, 1968 she was the only female office employee and that she was not present in the office after normal closing time of five o'clock P.M. on that date. She further testified that she never received any report of the accident in question and that she was not the woman to whom Somerville might have given the report. From Diane Churchill, Zaepfel and Eller, there was testimony to the effect that personnel, such as maids or janitors who customarily cleaned the Zaepfel and Eller offices at night and on Saturdays, could have been present in the office at the time Somerville claimed to have made his telephone call.

State of the evidence to be tested was that Sturdivant's claim that notification had been given to Zaepfel and Eller rested upon proof that the report was made by Somerville, by telephone, at an hour which was outside and not within normal office hours, to an unidentified female who answered Zaepfel's and Eller's telephone and stated that neither Zaepfel nor Eller were in the office, who did not say anything in supplement or in addition indicative of any knowledge of any phase of either party's business, and did not promise to do anything with or in consequence of the information imparted by Somerville.

The question is: "Has there been such authentication of the telephone call and message delivery by circumstantial evidence that an issue of fact is thereby raised as to whether the report was made?" In this case we have elements to be included along with others which should be considered, to-wit: the call was made outside regular office hours of the person called, and completed to a person who was not identified as a member of the administrative office personnel of the person called.

In Gleason v. Davis, 155 Tex. 467, 289 S.W.2d 228 (1956), the rule honored therein by the court was stated, viz: "The general rule is that while it is necessary to the admission of testimony as to the contents of a telephone conversation to establish the identity of the person with whom the witness talked, such identity is regarded as established if the witness says he identified the voice of the person with whom he talked. Or, if a call is made to a business office over a line maintained by it for business purposes, the conversation will be admitted if such person represents that he is the person called and is one authorized to take the message, in the absence of proof to the contrary." The court indicated, furthermore, that when the requisites of authentication are not satisfied, then even if the evidence has been introduced before the fact finder relative to the conversation itself, yet the testimony upon the conversation has no probative force and amounts to "no evidence" as applied to the issues of the case.

Here our holding is that Sturdivant did not make the requisite proof of authentication. Such evidence as there was concerning the fact that the report was made showed that though made on the business line provided for the purpose, it was made outside the intended recipients' regular office hours, to an unidentified person nowhere shown to have assumed to have authority to receive the message, even by presumption from anything said.

On the legal question see not only the cases cited under Gleason v. Davis, supra, but also 3 American Jurisprudence Proof of Facts, p. 399, "Conversations", with notes and annotations beginning at page

399; and 29 Am.Jur.2d, "Evidence", Sections 368, "Identification by voice", 381, "Identification of participants in conversation", and 382, "——Calls made in regular course of business".

Our holding is that the trial court correctly rendered judgment for the defendants in the case and it is accordingly affirmed.